Nathan A. Oyster (SBN 225307)
E-mail:  noyster@bwslaw.com
Raymond W. Sakai (SBN 193507)
E-mail:  rsakai@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail:  cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel:  213.236.0600 Fax:  213.236.2700

Attorneys for County of Riverside and
Drew Foster

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KEZIA GALLOWAY,<br><br>           Plaintiff,<br><br>      v.<br><br>COUNTY OF RIVERSIDE; DREW FOSTER; and DOES 1 THROUGH 10, inclusive ,<br><br>           Defendant. | Case No. 5:26-cv-02939 SSS (DTBx)<br><br>**DEFENDANTS COUNTY OF RIVERSIDE AND DREW FOSTER'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**<br><br>Judge:   Sunshine S. Sykes |

**COMES NOW**, Defendants COUNTY OF RIVERSIDE and DREW FOSTER ("Defendants") in answering Plaintiffs KEZIA GALLOWAY'S ("Plaintiff") Complaint for Damages ("Complaint"), for themselves and for no other parties, admit, deny, and allege as follows:

1.     In answering paragraphs 1-2 of the Complaint, Defendants admit that jurisdiction and venue are proper. Defendants lack sufficient information to respond to the remainder of the allegations and therefore deny.

2.     In answering paragraphs 35-36, 39, 43-44, 48-52, 54, 57-63, 66, 68, 69, 77, and the prayer for relief of the Complaint, Defendants deny any and all allegations of the respective paragraphs.

3.     In answering paragraphs 3-5, 8-15, 17-26, 28-34, 37, 40-42, 45, 47, 53,

56, 65, 67, 71-76, 79-85, 87-100 of the Complaint, Defendants lack sufficient information to respond to the allegations of the respective paragraphs and therefore deny any and all allegations. To the extent any statement of law is made therein, these answering Defendants assert the law speaks for itself

4.      In answering paragraph 6 of the Complaint, Defendants admit that the County of Riverside is a municipal entity organized and existing under the laws of the State of California and at relevant times was the employer of DREW FOSTER. Defendant lacks sufficient information to respond to the remainder of the allegations and therefore denies.

5.      In answering paragraph 7of the Complaint, Defendants admit that DREW FOSTER was a Riverside sheriff's deputy on or about December 5, 2023. Defendant lacks sufficient information to respond to the remainder of the allegations and therefore denies.

6.      In answering paragraph 16 of Plaintiff's Complaint, Defendants hereby incorporate their responses to paragraphs 1-15 of Plaintiff's Complaint.

7.      In answering paragraph 27 of Plaintiff's Complaint, Defendants hereby incorporate their responses to paragraphs 1-26 of Plaintiff's Complaint.

8.      In answering paragraph 38 of Plaintiff's Complaint, Defendants hereby incorporate their responses to paragraphs 1-37 of Plaintiff's Complaint.

9.      In answering paragraph 46 of Plaintiff's Complaint, Defendants hereby incorporate their responses to paragraphs 1-45 of Plaintiff's Complaint.

10.      In answering paragraph 55 of Plaintiff's Complaint, Defendants hereby incorporate their responses to paragraphs 1-54 of Plaintiff's Complaint.

11.      In answering paragraph 64 of Plaintiff's Complaint, Defendants hereby incorporate their responses to paragraphs 1-63 of Plaintiff's Complaint.

12.      In answering paragraph 70 of Plaintiff's Complaint, Defendants hereby incorporate their responses to paragraphs 1-69 of Plaintiff's Complaint.

13.      In answering paragraph 78 of Plaintiff's Complaint, Defendants hereby

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4925-3542-3933 v1

2

Case No. 5:26-cv-02939 SSS (DTBx)
DEFENDANTS  ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

incorporate their responses to paragraphs 1-77 of Plaintiff's Complaint.

14.    In answering paragraph 86 of Plaintiff's Complaint, Defendants hereby incorporate their responses to paragraphs 1-85 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, these answering Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

15.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

16.    Plaintiff's claims are barred by all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

17.    At all relevant times, each Defendants acted independently and not in association or concert with or as agent or servant of any other Defendant, including any sued herein under fictitious names, or of the employees or agents of other Defendants.

### FOURTH AFFIRMATIVE DEFENSE

18.    Defendants deny that Plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the federal and/or state constitution, the laws of the United States, or by the laws of the State of California.

### FIFTH AFFIRMATIVE DEFENSE

19.    At all relevant times, Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulations, within the bounds of reason under the circumstances, and with the good faith belief that their actions comported with all applicable laws.

### SIXTH AFFIRMATIVE DEFENSE

20.    Plaintiff's Complaint fails to state a cause of action against this public entity defendant as under Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), there can be no recovery

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4925-3542-3933 v1

3

Case No. 5:26-cv-02939 SSS (DTBx)
DEFENDANTS  ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

## SEVENTH AFFIRMATIVE DEFENSE

21.    The individual Defendant(s) are entitled to qualified immunity since there is no constitutional violation on the facts alleged, the applicable law was not clearly established, and reasonable officials in defendants' position could have believed their conduct was lawful.

## EIGHTH AFFIRMATIVE DEFENSE

22.    Plaintiff's Complaint does not state facts sufficient to constitute a cause of action against these Defendants or any defendant under 42 U.S.C. § 1983 because simple negligence pursuant to the United States Supreme Court decision of Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), is not a federal civil rights violation.

## NINTH AFFIRMATIVE DEFENSE

23.    Defendants are immune from liability under the Eleventh Amendment to the Constitution of the United States.

## TENTH AFFIRMATIVE DEFENSE

24.    Plaintiff has suffered no actual injury due to Defendants' conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

25.    Plaintiff's own conduct estops them from claiming the damages alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

26.    Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

27.    Plaintiff's claims are barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

28.    Plaintiff assumed the risk that led to her alleged damages and injuries, if any damages or injuries exist.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4925-3542-3933 v1

4

Case No. 5:26-cv-02939 SSS (DTBx)
DEFENDANTS  ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## FIFTEENTH AFFIRMATIVE DEFENSE

29.   Any recovery on Plaintiff's Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate her damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

30.   Any injury or damages suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and conduct, and not by reason of any unlawful acts or omissions of Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

31.   The negligence of a third-party or parties was a superseding, intervening cause of Plaintiff's injuries.

## EIGHTEENTH AFFIRMATIVE DEFENSE

32.   To the extent that the injuries and damages alleged by Plaintiff, if any, were proximately caused by the negligence, conduct, and liability of other persons or entities, Defendants request that an allocation of such negligence, conduct, and liability be made among such other persons or entities, and that, if any liability is found on the part of Defendants, judgment against the Defendants be only in an amount which is proportionate to the extent and percentage by which the Defendants' acts or omissions contributed to Plaintiff's injuries or damages, if at all.

## NINETEENTH AFFIRMATIVE DEFENSE

33.   To the extent the Complaint seeks compensation for any state tort claims, those claims are barred in that the Plaintiff has failed to properly comply with the provisions of the California Government Claims Act in the filing of an appropriate claim with a public entity prior to the initiation of the lawsuit, pursuant to the provisions of California Government Code §§ 900, 901, 910 and 911.2, et seq. Furthermore, the Government Claim submitted does not authorize the various state torts set forth in the Plaintiff's Complaint.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4925-3542-3933 v1

5

Case No. 5:26-cv-02939 SSS (DTBx)
DEFENDANTS ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## TWENTIETH AFFIRMATIVE DEFENSE

34.    Defendants are immune from liability for its actions by the application of one or more of the immunities set forth in the California Government Code, including, but not limited to, the immunities set forth in §§ 815.2, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.6, 821.8, 822.2, 844, 845.6, and 845.8, as well as Civil Code § 47.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

35.    Defendants did not breach any duty owed to Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

36.    Any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of their office, and not by reason of any unlawful acts or omissions of these Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

37.    The force, if any, used on the Plaintiff was reasonable under the circumstances and that any injury or damages allegedly suffered by Plaintiff was due to and caused by reason of Plaintiff's acts and conduct in the unlawful assault and battery committed by the Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

38.    To the extent that any force was used in the incident complained of, it was so used in the exercise of the right of self-defense.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

39.    To the extent any force was used, it was privileged as being reasonably necessary, and being believed to be so necessary, to the lawful defense of third parties.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

40.    Neither a public entity nor a public employee acting within the scope of his employment is liable for any injury caused by a public employee's

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4925-3542-3933 v1

6

Case No. 5:26-cv-02939 SSS (DTBx)
DEFENDANTS  ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

misrepresentation, whether the misrepresentation be negligent or intentional.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

41.   Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

42.   Defendants' actions herein were all pursuant to legitimate law enforcement interests.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

43.   Defendants are not responsible for any harm caused to Plaintiff because Defendants and/or its employees were not negligent.

## THIRTIETH AFFIRMATIVE DEFENSE

44.   To the extent that any force was used against Plaintiff, the force used was privileged and reasonable as a matter of law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

45.   To the extent that the Complaint seeks punitive damages against a public entity, punitive damages cannot be imposed against a public entity.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

46.   Plaintiffs have failed to join necessary and/or indispensable parties.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4925-3542-3933 v1

7

Case No. 5:26-cv-02939 SSS (DTBx)
DEFENDANTS  ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## THIRTY-THIRD AFFIRMATIVE DEFENSE

47.    Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

Dated:  July 13, 2026                              BURKE, WILLIAMS & SORENSEN, LLP

By:    _____/s/ Raymond W. Sakai_____
       Nathan A. Oyster
       Raymond W. Sakai
       Caylin W. Jones
       Attorneys for Defendants
       CITY OF RIVERSIDE and DREW FOSTER

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4925-3542-3933 v1

Case No. 5:26-cv-02939 SSS (DTBx)
DEFENDANTS  ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Defendants demand a trial before a jury on all issues raised in Plaintiff's Complaint triable to a jury under Federal Rule of Civil Procedure, Rule 38(b) and Local Rule 38-1.

WHEREFORE, Defendants pray that:

1.    Judgment be rendered in favor of Defendants and against Plaintiff;

2.    Plaintiff takes nothing by this action;

3.    Defendants be awarded costs of suit incurred herein; and

4.    Defendants be awarded such other and further relief as the Court may deem necessary and proper.

Dated:  July 13, 2026                        BURKE, WILLIAMS & SORENSEN, LLP

By:  _____*/s/ Raymond W. Sakai*_____
Nathan A. Oyster
Raymond W. Sakai
Caylin W. Jones
Attorneys for Defendants
CITY OF RIVERSIDE and DREW FOSTER

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4925-3542-3933 v1

9

Case No. 5:26-cv-02939 SSS (DTBx)
DEFENDANTS  ANSWER TO COMPLAINT FOR
DAMAGES; DEMAND FOR JURY TRIAL