**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**HARRIS GROMBCHEVSKY LLP**
Darren M. Harris (SBN 190399)
dharris@lawfirmHG.com
2070 Business Center Dr., Suite 285
Irvine, CA 92612
Telephone: (949) 387-4444

*Attorneys for Plaintiff Kezia Galloway*

**BURKE, WILLIAMS & SORENSEN, LLP**
Nathan A. Oyster (SBN 225307)
noyster@bwslaw.com
Raymond W. Sakai (SBN 193507)
rsakai@bwslaw.com
Caylin W. Jones (SBN 327829
cjones@bwslaw.com
444 South Flower Street, 4oth Floor
Los Angeles, California 90071-2942
Telephone: (213) 216-0600
Facsimile: (213) 236-2700

*Attorneys for Defendants County of Riverside and Drew Foster*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

KEZIA GALLOWAY,

Plaintiff,

vs.

COUNTY OF RIVERSIDE; DREW FOSTER; and DOES 1 through 10, inclusive,

Defendants.

Case No. 5:26-cv-2939-SSS (DTBx)

(*Hon. Judge Sunshine Suzanne Sykes Hon. Magistrate Judge David T. Bristow*)

**JOINT RULE 26(f) REPORT**

Date: September 25, 2026
Time: 1:00 p.m.
Crtrm: 2

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's July 24, 2026, Order setting the Scheduling Conference [Dkt. 13], Plaintiff Kezia Galloway and Defendants County of Riverside and Drew Foster hereby respectfully submit the following Joint Rule 26 Scheduling Conference Report. Pursuant to Fed. R. Civ. Proc. 26(f) and this Court's Standing Order, an early meeting was held on August 31, 2026, between Plaintiff's Counsel, Brendan A. Johnson, of the Law Offices of Dale K. Galipo, and Defendants' counsel, Raymond W. Sakai, of Burke, Williams & Sorensen, LLP.

a. Statement of the Case:

Plaintiff's Statement of the Case:

Plaintiff alleges that on December 5, 2023, Defendant Drew Foster encountered Plaintiff at or around the intersection of Meridian Street and Florida Avenue, in the City of Hemet, County of Riverside, California. Foster was not responding to a report of a crime, and Plaintiff did not verbally threaten him or any other person. Nevertheless, Foster opened fire on Plaintiff without giving any verbal warning, causing serious injury and quadriplegia. Following the shooting, Defendant Foster denied Plaintiff medical aid by failing to timely summon medical attention or provide medical aid.

Plaintiff brings causes of action under 42 U.S.C. § 1983 against Defendant Drew Foster for excessive force and denial of medical care. Plaintiff also brings *Monell* claims against Defendant County of Riverside for failure to train, ratification, and unconstitutional custom, practice, or policy. Plaintiff also brings causes of action under state law against all Defendants for battery, negligence, and violation of the Bane Act, Cal. Civ. Code § 52.1.

Defendants' Statement of the Case:

On December 5, 2023, at approximately 10:38 p.m., Corporal Foster, on-duty and in full uniform, was at the 7-11 gas station located on Meridian Street and

Florida Avenue in the City of Hemet. While next to a gas pump, Corporal Foster heard the sound of a handgun being racked, which is manually pulling back the slide on a pistol. This drew his attention to Plaintiff Kezia Galloway, who was on the adjoining sidewalk holding a handgun. Corporal Foster ordered Plaintiff Galloway to drop her handgun several times. When Plaintiff Galloway began to raise her handgun at Corporal Foster, he fired his service weapon in self-defense. Corporal Foster immediately called for medical assistance. A loaded handgun was recovered from the scene.

Defendants contend that the use of force was objectively reasonable under the totality of the circumstances. Further, Defendants deny that any Defendant County policy, practice, or custom caused any constitutional violation.

b. Subject Matter Jurisdiction:

Plaintiff has filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiff's claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

c. Legal Issues:

1. Whether the use of force against Plaintiff was excessive under federal law;
2. Whether the use of force against Plaintiff was unreasonable under state law;
3. Whether the use of force against Plaintiff resulted from conduct that was malicious, oppressive, or in reckless disregard of her rights;
4. Whether Riverside County Sheriff's deputies, including Drew Foster, denied medical care to Plaintiff;

5. Whether Defendant County of Riverside failed to adequately train their deputies, including Drew Foster;
6. Whether any policies or customs of Defendant County of Riverside were the moving force resulting in a violation of Plaintiff's rights;
7. Whether Defendant Drew Foster was negligent toward Plaintiff;
8. The nature and scope of Plaintiffs' damages, including punitive damages.
9. Whether the individual Defendant(s) are entitled to qualified immunity.
10. Whether any constitutional violation was caused by a deficient Defendant County policy, practice, or custom.

d. Parties and Evidence:

*Parties*: The parties are Plaintiff Kezia Galloway and Defendants County of Riverside, Drew Foster, and Does 1-10.

*Witnesses*: The percipient witnesses include Riverside Sheriff's Department Drew Foster and other deputies and personnel present at the scene of the incident, relevant personnel not at the scene including medical and mental health professionals related to the matter, and Plaintiff Kezia Galloway. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiff's damages. Given that discovery has not yet been completed, the parties have not yet identified all other witnesses.

*Key Documents Plaintiffs May Use*:

The key documents include Riverside Sheriff's Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include County training policies and records; depositions of the parties and

witnesses; and responses to written discovery.

*Key Documents Defendants May Use to Support Defense:*

The key documents include relevant reports, photos, audio, videos, policies, training records, and Plaintiff's medical, mental health, criminal, employment, and education records. Defendants contemplate that additional key documents will be identified during discovery.

e. Service of Complaint

All named Defendants have been served and have answered the operative complaint.

f. Damages:

Plaintiff Kezia Galloway seeks damages in excess of $10 million according to proof at trial. Plaintiff also seeks reasonable costs and statutory attorney's fees.

1. *Plaintiff's Statement Regarding Damages*:

Plaintiff claims general and special compensatory damages, according to proof at trial under federal and state law for her injuries, including past and future pain and suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, past and future medical expenses, and lost income and earning capacity. Plaintiff also seeks punitive and exemplary damages against the individual Defendant Drew Foster only. Plaintiff also seeks statutory attorney's fees, costs and interests incurred.

2. *Defendant's Statement Regarding Damages*.

Defendants deny all alleged liability and wrongdoing and deny Plaintiff's alleged damages.

g. Insurance:

The County of Riverside is self-insured.

h. Motions:

*By Plaintiffs*

Plaintiff anticipates filing a motion to amend the complaint to add any

additional deputies involved in the incident following initial discovery.

Plaintiff would oppose a motion to stay.

*By Defendants*

At the present time, Defendants anticipate filing a motion to stay pending the resolution of the underlying criminal prosecution, motion for summary judgment/adjudication, and motions in limine. Defendants reserve the right to file additional motions as necessary.

i. Dispositive Motions

The parties have discussed potential motions and propose motion dates set forth in the attached schedule.

Plaintiff and Defendants anticipate bringing motions *in limine* should this case proceed to trial.

Plaintiff requests two weeks to oppose any dispositive motion that may be filed in this case.

j. Manual for Complex Litigation:

The parties agree that this is not a complex case and is therefore not subject to the Manuel for Complex Litigation.

k. Status of Discovery:

The parties have not completed any discovery as of the time of the drafting of this report but anticipate that initial discovery will be served prior to the Scheduling Conference. The parties intend to serve written discovery including Interrogatories, Demands for Production of Documents and possibly Requests for Admissions. The parties intend to conduct depositions of party and non-party witnesses.

l. Discovery Plan:

The parties have discussed the anticipated discovery and propose a discovery schedule set forth in Exhibit A hereto. This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery needs.

Plaintiff anticipates serving discovery related to the County records regarding the incident and taking the depositions of Riverside Sheriff's Department ("RSD") personnel who were present during the incident, including Defendant Drew Foster. Plaintiff may also seek to depose the individuals most knowledgeable of RSD's policies and procedures with regards to the use of deadly force. Further, Plaintiff plans to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiff anticipates serving written interrogatories, requests for admission, and requests for production of documents.

Defendants anticipate serving written discovery related to Plaintiff's background and injuries, and taking Plaintiff's and any witnesses depositions.

The parties will also take the depositions of any experts or witnesses identified by the other.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that Plaintiff may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules, if Plaintiff learn through discovery that there were more RSD deputies who responded to the incident scene and may be material witnesses than Plaintiff would otherwise be able to depose.

m. Fact Discovery Cut-off:

The parties propose a fact discovery cut-off, including the resolution of all discovery motions, as set forth in Exhibit A hereto.

n. Expert Discovery:

The parties have discussed expert discovery and propose exchange dates set forth in Exhibit A attached hereto.

The parties will simultaneously exchange their expert reports.

o. <u>Settlement/Alternative Dispute Resolution (ADR)</u>:

The parties have not had substantive settlement discussions.

The parties are amenable to engaging in initial settlement discussions following a period of discovery. The parties are amenable to using a private mediator / mediator with the attorney settlement panel.

p. <u>Trial Estimate</u>:

The parties have requested a jury trial and estimate that the trial will take approximately 4-7 days, including *voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury.

Plaintiff anticipates calling approximately eight (8) to ten (10) witnesses.

Defendants anticipate calling between four to six witnesses.

q. <u>Trial Counsel</u>:

Dale K. Galipo will be the lead trial counsel for Plaintiff.

Nathan A. Oyster and Raymond W. Sakai will be the lead trial attorney for Defendants.

r. <u>Independent Expert or Master</u>:

The parties agree that this case does not require an independent expert or master.

s. <u>Schedule Worksheet</u>:

Counsel have agreed to the dates in Exhibit A, which takes into account the trial availability for all counsel. Per the Court's order setting the Scheduling Conference, the parties have attached "Exhibit A: Schedule of Pretrial and Trial Dates Worksheet" hereto.

t. <u>Class Actions:</u>

This case is not a class action.

/ / /

u. Other Issues:

At this time, there are no other issues that require the Court's attention.

Respectfully submitted,

Dated: September 11, 2026 LAW OFFICE OF DALE K. GALIPO

By /s/ Brendan A. Johnson
DALE K. GALIPO
BRENDAN A. JOHNSON
Attorneys for Plaintiff Kezia Galloway

Dated: September 11, 2026 BURKE, WILLIAMS & SORENSEN, LLP

By /s Nathan A. Oyster
NATHANIEL A. OYSTER
RAYMOND W. SAKAI
CAYLIN W. JONES
Attorneys for Defendants,
COUNTY OF RIVERSIDE and DREW FOSTER